**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 20-20852 (JJT) |
| | : | |
| CHAD S. BRAULT, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| BONNIE C. MANGAN, CHAPTER 7 TRUSTEE FOR THE ESTATE OF CHAD S. BRAULT, | : | ADV. PRO NO.: |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MINDY SCHWARZ-RAUP, TRUSTEE | : | JANUARY 12, 2021 |
| | : | |
| Defendant. | : | |

## COMPLAINT

1.  On June 30, 2020 (the "Petition Date"), the debtor, Chad S. Brault (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2.  The plaintiff, Bonnie C. Mangan is the duly appointed Chapter 7 Trustee of the Estate of Chad S. Brault (the "Trustee").

3.  The defendant, Mindy Schwarz-Raup, Trustee ("Schwarz-Raup") is an individual whose mailing address is 324 East Main Street, Wallingford, CT 06492.

### First Count
**(Avoidance of Transfer of Property, 11 U.S.C. 544(a))**

1-3.    Paragraphs 1-3 of this Complaint are repeated and re-alleged as if fully set forth herein.

4. On June 10, 2020, the Debtor purchased a certain premises located at 37 Town Street, Norwich, Connecticut 06360 (more particularly described in Exhibit A) (the "Property") pursuant to a Special Warranty Deed (the "Warranty Deed") granted by Fannie Mae a/k/a Federal National Mortgage Association.

5. The Warranty Deed was delivered to the Debtor before he filed his bankruptcy petition, but the Debtor did not schedule the Property in his Schedules. The Warranty Deed was recorded on July 7, 2020 in Book 3186, Page 180 of the Norwich, Connecticut Land Records.

6. On June 28, 2020, the Debtor granted two mortgages of the Property by means of two separate Open-End Mortgage Deeds in the amounts of $125,000 and $50,000 (the "Mortgages") to Schwarz-Raup. On July 7, 2020, the Mortgages were recorded on the Norwich, Connecticut Land Records in Book 1386, Page 183 and Book 3186, Page 196 respectively.

7. Pursuant to 11 U.S.C. §544(a)(1) and (3), the Trustee has the powers of a hypothetical judgment creditor without knowledge and a hypothetical bona fide purchaser for value without knowledge of the transfer.

8. Pursuant to Conn. Gen. Stat. §47-10(a), a mortgage deed is not effective against third parties unless it is recorded.

9. The Mortgages the Debtor made to Schwarz-Raup were made without the knowledge or consent of the Trustee and without approval of the Court.

10. Pursuant to 11 U.S.C. §544(a), the Trustee is entitled to avoid any obligation incurred by the Debtor that is voidable by a judgment lien creditor without knowledge of the Mortgages or a bona fide purchaser for value without knowledge of the Mortgages.

11. Pursuant to 11 U.S.C. §550(a), the Trustee is entitled to recover the Property transferred by the Mortgages or their value for the benefit of the Estate.

12. Pursuant to 11 U.S.C. §551, the benefit of recovery to the Trustee is preserved for the Estate.

### Second Count
### (Disallowance of Schwarz-Raup's Claim, 11 U.S.C. 502(d))

1-12. Paragraphs 1-12 of this Complaint are repeated and re-alleged as if fully set forth herein.

13. Defendant is an entity from which property is recoverable under 11 U.S.C. §550.

14. Defendant is a transferee of the Mortgages avoidable under 11 U.S.C. §547.

15. Defendant has not paid the amount of the Mortgages or their value for which Defendant is liable under 11 U.S.C. §550.

16. Pursuant to 11 U.S.C. §502(d), any and all claims of Defendant and/or Defendant's assignee, against the Debtor's Chapter 7 Estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Mortgages, plus interest thereon and costs.

**WHEREFORE**, Plaintiff claims:

a. a judgment avoiding the Mortgages pursuant to 11 U.S.C. §544(a);

b. recovery of the Property Mortgaged or its value pursuant to 11 U.S.C. §550(a);

c. preservation of the recovery for the Estate pursuant to Pursuant to 11 U.S.C. §551;

d. that, pursuant to 11 U.S.C. §502(d), any and all claims of Defendant, and/or Defendant's assignee, against the Debtor's Chapter 7 Estate or Plaintiff is disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Mortgages, plus interest thereon and costs; and

e. such other legal or equitable relief as the Court may deem appropriate.

                                            BONNIE C. MANGAN,
                                            CHAPTER 7 TRUSTEE
                                            FOR THE ESTATE OF
                                            CHAD S. BRAULT

By:   /s/ *Jeffrey Hellman*
        Jeffrey Hellman (ct04102)
        Law Offices of Jeffrey Hellman, LLC
        195 Church Street, 10th Floor
        New Haven, CT 06510
        203-691-8762
        jeff@jeffhellmanlaw.com